A. ALVAREZ & HERMANOS, demandantes y apelantes, *v.* VICTORIA R. de ALAMO, y AGUSTÍN ALAMO, demandados y apelados.

No. 3974.—*Visto:* Marzo 29, 1927. *Resuelto:* Marzo 13, 1928.

1. CONTRATOS—RESCISIÓN Y ABANDONO—ACTOS CONSTITUTIVOS DE RESCISIÓN.— Cuando un objeto material—guagua—, en el cual una parte—vendedor condicional—puede tener algún interés, es devuelto, dejándose frente a su establecimiento, dicha parte tiene derecho a tomarla para impedir deterioro adicional y con el fin de conservarla en beneficio de las partes interesadas, sin que ello altere la relación jurídica existente entre ellas.

2. CONTRATOS—RESCISIÓN Y ABANDONO—ACTOS CONSTITUTIVOS DE RESCISIÓN.— Cuando el comprador entrega al vendedor condicional la cosa vendida y tal entrega no se verifica conforme a los términos del contrato de venta condicional, no puede sostenerse que dicho contrato quedara rescindido por dicha entrega y relevado dicho comprador de su obligación bajo el mismo.

3. CONTRATOS—CUMPLIMIENTO O QUEBRANTAMIENTO—DE LA EVIDENCIA EN GENERAL—PESO DE LA PRUEBA—RESCISIÓN DEL CONTRATO.—En casos de rescisión como en los de cumplimiento, pago y otros similares, el peso de la prueba recae sobre los demandados para establecer la rescisión del contrato.

4. CONTRATOS—CUMPLIMIENTO O QUEBRANTAMIENTO—DE LA EVIDENCIA EN GENERAL—SU SUFICIENCIA—RESCISIÓN DEL CONTRATO.—Atendida la prueba en este caso—acción sobre cumplimiento de un contrato de venta condicional—, *se resolvió:* que habiéndose hecho la devolución de la guagua al vendedor, por el comprador, no en cumplimiento del contrato sino en oposición a que éste continuara existiendo no podía sostenerse que existiera la rescisión del contrato de venta condicional, según sostiene el comprador demandado.

5. CONTRATOS—CUMPLIMIENTO O QUEBRANTAMIENTO—OBLIGACIÓN DE CUMPLIR—OBLIGADO QUE CONTRAVIENE SU OBLIGACIÓN.—Cuando una persona hace una cosa contraviniendo el tenor de la obligación que tiene, una corte puede ordenarle que la haga.

SENTENCIA de *Miguel A. Muñoz*, J. (San Juan), declarando sin lugar la demanda, sin costas. *Revocada.*

*F. Soto Gras*, abogado de la apelante; *M. Benítez Flores*, abogado de los demandados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

A. Alvarez & Hermanos es una sociedad mercantil que vende guaguas, y su socio gestor al tiempo de ocurrir los hechos de este caso lo era Alfonso Alvarez. Dicho socio hizo una venta condicional de una guagua a Victoria R. de Alamo, constituyéndose en fiador para el cumplimiento del contrato, su esposo Agustín Alamo. El precio de la venta sería pagado a plazos. De acuerdo con los términos del contrato, el título de la guagua permanecía en la vendedora, quien tenía varios derechos de acuerdo con dicho contrato. Entre estos derechos, a opción de la vendedora, en caso de falta de pago ella podía demandar inmediatamente en cobro del saldo adeudado o podía tomar la guagua, venderla y aplicar el producido a la deuda, devolviendo el saldo, de haber alguno, a la compradora. Esta efectuó varios pagos a cuenta de la venta. Las partes entonces celebraron varias entrevistas y realizaron varios actos tendentes a la rescisión del contrato, pero si en realidad se rescindió o no el contrato es una de las controversias del presente caso, tal vez la principal. Es un hecho no disputado que después de tales entrevistas y actos, el demandado Agustín Alamo puso, o trató de poner, la guagua en manos de la demandante en la siguiente forma: envió a un agente al establecimiento de la demandante con la guagua, y, al negarse la demandante a recibirla, dicho agente dejó el vehículo frente al establecimiento. La demandante, para impedir que la guagua sufriera deterioro, se la llevó a su garage, la pintó y quizás adoptó otras medidas para conservarla. Poco después, la demandante entabló una demanda contra los actuales demandados para el cobro de la suma

de $1,115.21, saldo adeudado del precio de la venta, siendo el precio original $1,813.83.

Podemos decir que la demanda demuestra que la demandante eligió vender la guagua y abonar el producido. A primera vista, parecería curioso que la súplica de la demanda sea que se ponga a la demandante en posesión de la guagua, cuando en realidad de verdad la demandante tenía la posesión material de ella, pero un poco más adelante discutiremos esta posición aparentemente metafísica de la demandante.

La contestación de los demandados, además de contener una negativa general, alegó que los demandados no adeudaban a la demandante suma alguna de dinero, en vista de que la guagua había sido pagada y el contrato rescindido.

La corte inferior falló a favor de los demandados. La opinión de la corte de distrito tiene un doble aspecto. Aparentemente, el juez estaba dispuesto a resolver que la demandante, al hacerse cargo de la guagua y al adoptar medidas para conservarla, había aceptado los actos de los demandados. Entendemos que la corte inferior resolvió más particularmente que antes de que la demandante tuviera algún derecho para demandar en cobro de una suma o saldo de dinero, era un requisito indispensable para entablar un pleito que la demandante misma vendiera la guagua cuya posesión material ya tenía. Ninguno de estos *rationes decidendi* fué realmente la posición de una u otra parte en este pleito.

La demandante sostenía que el contrato estaba en todo su vigor. Los demandados sostenían que el contrato había sido rescindido o que quizás había surgido una dación en pago. Los demandados ahora contienden que descansaban en la rescisión del contrato. La corte inferior no llegó a conclusión alguna a favor de los demandados a este respecto; por el contrario, resolvió que la prueba sobre este particular no era del todo clara.

[1] Sin hacer una investigación especial de las autori-

dades, estamos convencidos de que cuando un objeto material en el cual una parte puede tener algún interés es devuelto, u otra persona trata de devolverlo, por estar quizás en el deber de hacerlo así, o por lo menos de hacer lo que el contrato entre las partes exige, la persona a quien se le devuelve la cosa, como un buen padre de familia, tiene derecho a tomarla para impedir deterioro adicional y con el fin de conservarla en beneficio de las partes interesadas. Creemos que un extraño podría realizar actos similares de conservación de la cosa sin que por ello quedara envuelto en un litigio. Haciéndose cargo de la guagua y conservándola, no se alteró o afectó ninguna relación jurídica existente entre las partes originales en este caso.

[2, 3, 4] El abogado de los apelados dijo que la cuestión principal aquí envuelta es una de hecho, y en ello convenimos con él en gran parte. Sin embargo, las siguientes son algunas conclusiones que derivamos de la prueba: el negocio de guagua de los demandados no era próspero. De acuerdo con la propia declaración de Alamo, él fué a ver a Alvarez y le expuso sus dificultades, pidiéndole que le comprara su línea de guaguas. Según este testigo, Alvarez contestó que solamente estaba dispuesto a aceptar la guagua en pago. Aunque Alvarez nos relata la historia en forma algo distinta, no obstante, según la declaración del mismo demandado, éste no aceptó la proposición héchale por Alvarez. Alamo propuso vender a un tercero, su cuñado Robles. Siguiendo la relación hecha por dicho demandado como testigo, Alvarez dijo que primero tendría que rescindir el contrato, pero que en cuanto a lo demás estaba conforme. De la conversación se desprende que en aquel tiempo Alamo no creyó que fuera conveniente para él devolver la guagua. Se entró en negociaciones, se redactó un documento que fué firmado por los esposos Alamo y evidentemente devuelto a Alvarez. Este documento no fué presentado durante el juicio y su presentación pudo ser de utilidad.

Podríamos decir por vía de paréntesis que en ningún

tiempo desde que ha estado pendiente esta acción ha habido prueba alguna del valor real de la guagua o de su valor durante las varias etapas de la controversia, a no ser las varias supuestas ofertas de comprar la guagua. De la prueba nada sabemos respecto al valor de la guagua en la fecha en que fué devuelta o en el momento del juicio.

De toda la prueba se desprende indudablemente que Robles no compró ni finalmente ofreció comprar la guagua. El se oponía a las condiciones originales de pago, las que Alvarez, según creemos que la prueba demuestra, estaba dispuesto a modificar. Según vemos la prueba, la transacción propuesta fracasó sencillamente porque Robles, por alguna razón que no se desprende de la misma, no quiso entrar en la transacción.

Robles ocupó la silla testifical. Fué un testigo poco dispuesto a decir todo lo que sabía (*reluctant*) y estaba dispuesto a negar que la compra a su cuñado de la línea de guaguas incluía la guagua en cuestión, diciendo que solamente convino en comprar la línea. Creemos que eventualmente hizo tal admisión. Según los autos, no tenemos dudas de que Robles estaba en negociaciones para comprar la guagua. La prueba tiende a demostrar, y así lo creemos, que la licencia para explotar el vehículo estaba a nombre de Robles antes de que la guagua fuera devuelta a Alvarez. Este declaró, y su declaración fué confirmada por Alamo, que lo que se propuso fué una venta a Robles.

Por tanto, llegamos a la conclusión, como cuestión de derecho o de hecho, según sea el caso, de que una condición directa o implícita de que se hiciera algún cambio en el contrato original era una compra por parte de Robles. Al suscribir los cónyuges el documento no quedaban relevados de su obligación original, a menos que se le vendiera a Robles. Tampoco afecta las cuestiones en controversia en este caso el hecho de que la demandante, después de entrevistarse con los demandados, estuviera dispuesta a venderle a alguien o aún que entrara en negociaciones con alguna otra

persona. El siempre dependió del consentimiento de los demandados.

Volviendo a considerar la prueba, resolvemos que en casos de cumplimiento, pago, y otros similares, el peso de la prueba recae sobre los demandados para establecer la rescisión. Ellos dejaron de hacer esto. El documento que suscribieron los demandados tendente a rescindir el contrato no podía ayudar su caso. Nuevamente nos preguntamos por qué los demandados no trataron de presentarlo o hicieron que se le presentara a la corte.

Entonces, la deducción inevitable de toda la prueba es que la guagua fué devuelta a Alvarez no en cumplimiento del contrato, sino en oposición a que éste continuara existiendo. La guagua fué devuelta sobre la teoría de una rescisión del contrato. Esto lo sabían todas las partes, según lo demuestra la prueba.

Creemos que Alamo tenía motivos para saber que Alvarez no estaría de acuerdo con que se rescindiera el contrato, y por esa razón devolvió la guagua por conducto de un agente en la forma antes expuesta. Sin embargo, la validez y cmplimiento de los contratos no pueden dejarse al arbitrio de uno de los contratantes. Artículo 1223 del Código Civil. Estamos inclinados a creer que cuando Alvarez propuso la venta a Robles, actuó genuinamente. A menos que se propusiera la venta genuinamente, aparecería como si Alamo y su cuñado hubieran inducido a Alvarez a efectuar la rescisión que de lo contrario no hubiese hecho, y entonces surgiría un *estoppel* o algo parecido.

La dificultad principal que hemos tenido en este caso es el derecho de acción de la demandante. La sociedad estaba materialmente en posesión de la guagua, y de acuerdo con la sección 3 del contrato, había el derecho de vender el vehículo, desde luego de conformidad con las condiciones de dicho contrato. Tal vez en algunas cortes americanas se seguiría el principio de que cuando un contratante tiene el derecho a hacer una cosa generalmente no necesita que una

corte le diga que tiene ese derecho, y hasta cierto punto este tribunal ha hecho lo mismo. El principio de la propia ayuda es un poco más fuerte en la jurisprudencia americana e inglesa que en el continente europeo. Pollock & Maitland, History of English Law, tomo 2, *passim,* y especialmente las páginas 574 *et seq.* y la página 168. Estos autores dicen que probablemente los juristas del continente se sorprenderían de la cantidad de ayuda propia que una vez existió en Inglaterra. Sin embargo, en el continente y en Puerto Rico generalmente las partes quedan relegadas a una acción judicial, según lo demuestra un sinnúmero de artículos de los códigos.

[5] Creemos que la solución del problema que tenemos ante nuestra consideración puede hallarse en el artículo 1065 del Código Civil. Dispone como sigue:

"Si el obligado a hacer alguna cosa no la hiciere, se mandará ejecutar a su costa.

"Esto mismo se observará si la hiciere contraviniendo al tenor de la obligación. Además podrá decretarse que se deshaga lo mal hecho."

La obligación de los demandados después de haber dejado de hacer los pagos era poner la guagua a disposición de la demandante, o por lo menos permitirle que tomara posesión de ella nuevamente, según entendemos los términos del contrato. Los demandados pusieron la guagua en la posesión natural y material de la demandante, no de acuerdo con los términos del contrato, sino sobre la base de que dicho contrato había sido rescindido. Los demandados no cumplieron con su obligación de acuerdo con el tenor de la misma.

La apelante dice, y su teoría fué, según entendemos, que nunca tuvo la posesión civil de la guagua, sino que meramente tuvo una posesión forzada por la tentativa de los demandados de devolver la guagua. Podría decirse que la demandante tuvo solamente la custodia de la guagua.

Ahora bien, el artículo 1065, *supra,* dispone que cuando el demandado no hace alguna cosa de acuerdo con el tenor de la obligación, se mandará a ejecutar a su costa. Esto quiere decir que una corte puede ordenarle que la haga, ya que nadie más tiene derecho a dar órdenes a este respecto.

Habiendo la demandante elegido vender la guagua, tiene derecho a venderla, y a que la corte dicte una orden en ese sentido. Según hemos indicado antes, no es éste un caso en que el derecho de una parte sea incuestionable, sino que en este caso se atacó el derecho a proceder de acuerdo con el contrato. Hubo una verdadera controversia.

*Debe revocarse la sentencia, autorizarse a la demandante a vender la guagua de acuerdo con los términos del contrato* y aplicar el producido de conformidad con los términos del mismo y a dar los pasos procedentes en el pleito si el precio obtenido en la venta no es suficiente para saldar la deuda, entendiéndose que la corte inferior tiene autoridad para dictar las órdenes necesarias con el fin de hacer cumplir los términos del contrato.

El Juez Asociado Señor Texidor no intervino.